JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
SUSAN F. HANNAN, Cal. Bar No. 97604
Email: hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
2009 MAY 14 AM 10:04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ______

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

GORDON A. DRIVER and AXCESS AUTOMATION, LLC,

Defendants.

Case No. CV09-03410 ODW (RZx)

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e), and 78aa. The Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.

## SUMMARY

3. This case involves a fraudulent scheme by Defendants Gordon A. Driver and his company, Axcess Automation, LLC ("Axcess"). From approximately February 2006 to the present, Driver and Axcess raised at least $14.1 million from over 100 investors in the United States and Canada by selling securities in the form of interests in Axcess.

4. Driver represented to prospective investors that he would use their funds to trade futures using a proprietary software program, that he generated substantial profits from such trading, and that he would use a portion of the trading profits to pay investors a weekly return of 1% to 5%. In reality, Driver operated Axcess as a Ponzi scheme. Driver used only $3.7 million to trade futures, incurring $3.55 million in cumulative net trading losses, and misappropriated $10.7 million to pay investors and another $1.1 million to pay personal expenses.

5. Driver is currently soliciting investors for a new hedge fund called Axcess Fund, LP through a private placement memorandum. Driver tells existing investors that they can simply roll over their purported current account balances into the new fund and that he intends to operate it using the same proprietary program. Most of the existing Axcess investors have submitted subscription agreements for the new fund.

6. The Defendants, by engaging in the conduct described in this Complaint, have violated, and unless enjoined will continue to violate, the antifraud provisions of the federal securities laws. By this Complaint, the Commission seeks emergency relief against the Defendants, including a temporary restraining order, an asset freeze, an order prohibiting the destruction of

documents, an order expediting discovery, and accountings, as well as preliminary and permanent injunctions, disgorgement with prejudgment interest, and civil penalties.

## DEFENDANTS

7. **Gordon A. Driver**, age 51, resides in Las Vegas, Nevada and Hamilton, Ontario, Canada. From 1998 to 2007, Driver resided in Southern California, where he claimed he began to develop his software program. Driver is Axcess' manager and a signatory on the bank accounts into which investors wire their funds. Driver also has sole discretionary authority over the futures accounts through which he traded investor funds. He is not registered with the Commission in any capacity. On April 15, 2009, the Ontario Securities Commission issued a temporary cease trade order against Driver, Axcess, and others for unlicensed securities trading. That order has been extended to mid-October 2009.

8. **Axcess Automation, LLC** has been registered as a Nevada limited liability company since October 17, 2007. Driver operates Axcess out of his residences in Las Vegas, Nevada, and Hamilton, Ontario, Canada. In effect, Axcess is Driver's alter ego. Axcess has never been registered with the Commission in any capacity, nor has it registered an offering of securities under the Securities Act or a class of securities under the Exchange Act.

## THE FRAUDULENT SCHEME

### A. The Axcess Offering

9. From approximately February 2006 to the present, Driver and Axcess raised at least $14.1 million from over 100 investors in the United States and Canada through the sale of interests in Axcess. At least 12 investors reside and were solicited in this judicial district.

10. Driver told prospective investors that he pooled their funds and used the money to trade futures, specifically e-Mini S&P 500 futures, using a proprietary software program that he claimed he developed. Driver offered

prospective investors a weekly return of 1% to 5%, which he claimed equaled just 25% of his total weekly trading profits.

11. Defendants did not provide prospective investors with any offering materials, though they initially provided some investors with a one-page "Letter of Agreement." The agreement, to be signed by the investor and Driver, stated that Axcess would use the investor's funds "for the purpose of trading e-Mini S&P 500 futures" and that Axcess would pay the investor his principal "plus 25% of all returns generated by the investment" no later than 100 days after the agreement is signed. The agreement also stated that the parties acknowledged the "volatile nature of investments" and that Axcess would not be liable for losses related to "his [sic] investment decisions." Driver assured investors that his computer program had built-in safeguards to manage risk, he never had a trading loss for more than a day, and he never had a weekly or monthly trading loss.

12. Driver solicited friends, neighbors, and business acquaintances through informal meetings and casual conversation. Driver's scheme flourished in mid-2007 when he made inroads with leaders of an Ontario, Canada-based Christian television ministry, where he had worked in the late 1970s. Close relatives of the television ministry's founder invested in Axcess and became finders or "point persons" for Axcess. Driver recruited other investors to do the same.

13. The finders solicited new investors, mostly friends and family, to invest in Axcess. Driver periodically provided information regarding the weekly trading profits to the finders, who reported the returns to investors in their group. Driver offered to pay the finders a 5% commission on his 75% share of the trading profits.

14. Driver pooled investor funds in several banks accounts. Driver directed prospective investors to wire their funds directly into his personal bank accounts or to an account in Axcess' name. In late February 2009, Driver prepared and sent one investor group (48 investors) an annual statement on Axcess letterhead showing each investor's purported deposits, withdrawals, and principal,

weekly returns, and account balance as of December 31, 2008. The Axcess annual statements for the 48 investors show total account balances of approximately $9.6 million. In fact, at the end of December, Driver only had about $276,162 in all of his accounts: $265,388 in his bank accounts and $10,774 in one trading account.

15. Driver did not usually provide prospective or existing investors third party confirmations or account statements reflecting the trading profits or amounts invested. But in early October 2008, Driver sent at least one finder a fabricated trading account statement, which falsely stated that the account's ending balance was approximately $34.7 million as of August 28, 2008, when in fact, it was only about $10,774. The finder continued to raise money from investors after receiving the bogus trading account statement from Driver.

**B. Fraudulent Misrepresentations**

16. While Driver and Axcess represented that they used investor funds to trade futures and generate substantial profits from which they could pay investors a 1% to 5% weekly return, Driver in fact did limited trading and in some months, conducted no trading whatsoever. Only $3.7 million was transferred into Driver's accounts to trade e-Mini S&P 500 futures. And rather than making a substantial profit from such trading as represented to investors orally and through periodic account statements, from approximately February 2006 to the present, Driver and Axcess had a cumulative net loss of $3.55 million.

17. While Driver claimed that the returns paid to investors represented trading profits, Driver in fact operated Axcess as a Ponzi scheme. Although Driver engaged in limited trading, he lost nearly 95% of the funds invested. But Driver nevertheless paid out about $10.7 million to investors. The only way that he was able to pay returns to existing investors was by using funds from new investments.

18. Driver and Axcess also misappropriated investor funds. Of the at least $14.1 million in investor funds deposited into Driver's and Axcess' bank accounts since February 2006, Driver used over $1.1 million to pay personal

expenses, including over $469,000 in cash withdrawals. Driver had no other source of income during this period except his purported trading profits.

**C. Driver's Ongoing Offering**

19. Driver is currently soliciting investors for his new hedge fund, Axcess Fund, LP, through a private placement memorandum he distributes to existing investors and new prospects. Driver tells existing investors that they can simply roll over their purported current account balances into the new fund, which requires a minimum investment of $250,000. Although the fund is supposedly open to only 100 accredited investors, Driver tells existing investors that he has the discretion to allow some non-accredited investors into the fund. Most of the existing Axcess investors and a few new prospects have submitted subscription agreements for the new fund. Driver tells existing Axcess investors that he intends to operate the new fund using his same proprietary software program purportedly used by Axcess.

**FIRST CLAIM FOR RELIEF**

**Unregistered Offer and Sale of Securities**

**Violations of Sections 5(a) and 5(c) of the Securities Act**

**(Against All Defendants)**

20. The Commission realleges and incorporates by reference paragraphs 1 through 19 above.

21. The Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, made use of means or instrumentalities of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or delivery after sale.

22. No registration statement has been filed with the Commission or has been in effect with respect to the offering alleged herein.

23. By engaging in the conduct described above, the Defendants violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c)

of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

**SECOND CLAIM FOR RELIEF**

**Unregistered Broker-Dealer**

**Violations of Section 15(a) of the Exchange Act**

**(Against Driver)**

24. The Commission realleges and incorporates by reference paragraphs 1 through 19 above.

25. Driver, by engaging in the conduct described above, directly or indirectly, made use of the mails and other means or instrumentalities of interstate commerce to effect transactions in securities, without being registered as a broker or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

26. By engaging in the conduct described above, Driver violated, and unless restrained and enjoined will continue to violate, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**THIRD CLAIM FOR RELIEF**

**Fraud in the Offer or Sale of Securities**

**Violations of Section 17(a) of the Securities Act**

**(Against All Defendants)**

27. The Commission realleges and incorporates by reference paragraphs 1 through 19 above.

28. The Defendants, and each of them, by engaging in the conduct described above, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails directly or indirectly:

a. with scienter, employed devices, schemes, or artifices to defraud;

b. obtained money or property by means of untrue statements of a

material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

29. By engaging in the conduct described above, the Defendants violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## FOURTH CLAIM FOR RELIEF

### Fraud in Connection with the Purchase or Sale of Securities

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

### (Against All Defendants)

30. The Commission realleges and incorporates by reference paragraphs 1 through 19 above.

31. The Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

a. employed devices, schemes, or artifices to defraud;

b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

32. By engaging in the conduct described above, the Defendants violated,

and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

**I.**

Issue findings of fact and conclusions of law that the Defendants committed the alleged violations.

**II.**

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining the Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**III.**

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of each of the Defendants and any entity affiliated with any of them, prohibiting each of the Defendants from destroying documents, granting expedited discovery, and requiring accountings from each of the Defendants.

**IV.**

Order each of the Defendants to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest thereon.

**V.**

Order each of the Defendants to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act,

15 U.S.C. § 78u(d)(3).

**VI.**

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VII.**

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: May 14, 2009

Respectfully submitted,

Susan F. Hannan

John M. McCoy III
Susan F. Hannan
Attorneys for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>PLAINTIFF(S)<br>v.<br>GORDON A. DRIVER and AXCESS AUTOMATION, LLC<br>DEFENDANT(S). | CASE NUMBER<br>CV09-03410 ODW (RZx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): Gordon A. Driver and Axcess Automation, LLC

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John M. McCoy III/Susan F. Hannan, whose address is SEC, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 14 2009

By: ____________________
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
GORDON A. DRIVER and AXCESS AUTOMATION, LLC

Nevada

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John M. McCoy III and/or Susan F. Hannan (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. §§ 77e(a) & 77e(c); 15 U.S.C. § 78o(a); 15 U.S.C. § 77q(a); and 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5 thereunder.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☑ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Act<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Info. Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise<br>REAL PROPERTY<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Fed. Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>IMMIGRATION<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br>BANKRUPTCY<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>CIVIL RIGHTS<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 American with Disabilities - Employment<br>☐ 446 American with Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus/Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>FORFEITURE / PENALTY<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety /Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>SOCIAL SECURITY<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV09-03410

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Filed concurrently with CFTC v. Gordon A. Driver, Axcess Automation, LLC, and Axcess Fund Management, LLC Case No.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Gordon A. Driver - Nevada; Axcess Automation, LLC - Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 5/13/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV09- 3410 ODW (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.