JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
SUSAN F. HANNAN, Cal. Bar No. 97604
Email: hannans@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT
AUG 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON A. DRIVER and AXCESS AUTOMATION, LLC,<br><br>Defendants. | Case No. CV 09-3410 ODW (RZx)<br><br>[~~PROPOSED~~] ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING ASSET FREEZE, (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (3) GRANTING EXPEDITED DISCOVERY, AND (4) REQUIRING ACCOUNTINGS |

This matter came to be heard at 2:00 p.m. on June 5, 2009, pursuant to an Order to Show Cause issued by this Court on May 14, 2009, and continued on May 26, 2009 and upon the prior Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Prohibiting The Destruction Of Documents, (3) Granting Expedited Discovery, And (4) Requiring Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, its Application, the Memoranda of Points and Authorities, and the Declarations and other

documents filed in support of the Application, and all other evidence and argument presented regarding the Application, finds that:

   A.   This Court has jurisdiction over the parties to, and the subject matter of, this action.

   B.   Good cause exists to believe that defendants Gordon A. Driver ("Driver") and Axcess Automation, LLC ("Axcess"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c), Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

   C.   Good cause exists to believe that defendant Driver has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business that constitute violations of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(b).

   D.   The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

   E.   Good cause exists to believe that defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

   F.   Notice of this Preliminary Injunction has been provided to the Defendants as required by Fed. R. Civ. P. 65(a)(1).

## I.

IT IS HEREBY ORDERED that the Commission's Application for an Order of Preliminary Injunction and Orders: (1) Continuing Asset Freeze, (2) Prohibiting the Destruction of Documents, (3) Granting Expedited Discovery, and (4) Requiring Accountings is GRANTED.

## II.

IT IS FURTHER ORDERED that defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security; or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

## III.

IT IS FURTHER ORDERED that defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or

          other real or personal property, wherever located, of defendants Driver and Axcess, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them;

B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendants Driver and Axcess, or any of their subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on and continued on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Driver and Axcess, or an entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| **Financial Institution** | **Account Name** | **Account No.** |
|---|---|---|
| Citibank | Axcess Automation, LLC | 2024822048 |
| Citibank | Gordon Driver | 40045186042 |
| Citibank | Gordon Driver | 15843107 |
| Citibank | Gordon Driver | 31009177 |
| M&T Bank | Gordon Driver | 9848637980 |
| M&T Bank | Gordon Driver d/b/a Axcess Automation | 9433619876 |
| M&T Bank | Gordon Driver and Janet Driver | 9844500182 |
| Wachovia Bank | Gordon Driver | Unknown |
| BMO Bank of Montreal | Gordon Driver | 4501-926 |

| Financial Institution | Account Name | Account No. |
|---|---|---|
| TransAct Futures | Gordon Driver | 2689 |
| Dorman Trading LLC | Gordon Driver | D-0015300998 |
| Advantage Futures LLC | Gordon Driver | LTT001A5496 |

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants Driver and Axcess, and their subsidiaries and affiliates.

## VIII.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may request documents and take depositions of non-parties upon oral examination subject to three calendar days notice pursuant to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the defendants, may be taken on any day, including Saturdays, Sundays, and holidays subject to three calendar days notice, including notice given personally, by facsimile or by electronic mail, and the Commission

may take more than ten depositions.

## IX.

IT IS FURTHER ORDERED that defendants Driver and Axcess shall, within three calendar days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address, and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the attention of John M. McCoy III, Regional Trial Counsel, at the Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion of the accountings, defendants Driver and Axcess shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accountings.

## X.

IT IS FURTHER ORDERED that defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendant Driver, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the Commission, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords

necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA.

## XI.

IT IS FURTHER ORDERED that defendants Driver and Axcess, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which Driver and Axcess have access.

## XII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: August 17, 2009
TIME: 2:00 o'clock p.m.

_____
HONORABLE OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John M. McCoy
John M. McCoy III
Susan F. Hannan
Attorneys for Plaintiff
Securities and Exchange Commission

8