1  JOHN M. McCOY III, Cal. Bar No. 166244
   Email:  mccoyj@sec.gov
2  SUSAN F. HANNAN, Cal. Bar No. 97604
   Email:  hannans@sec.gov

**JS-6**

3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Andrew G. Petillon, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California 90036
   Telephone:   (323) 965-3998
7  Facsimile:   (323) 965-3908

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **WESTERN DIVISION**

11
   SECURITIES AND EXCHANGE                    Case No. CV 09-3410 ODW (RZx)
12 COMMISSION,

                                              **JUDGMENT OF PERMANENT**
13            Plaintiff,                       **INJUNCTION AND OTHER**
                                              **RELIEF AGAINST GORDON A.**
14       vs.                                   **DRIVER**

15 GORDON A. DRIVER and AXCESS
   AUTOMATION, LLC,
16
              Defendants.
17

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Gordon A. Driver ("Driver") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction And other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Driver and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Driver and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by

1

1  personal service or otherwise are permanently restrained and enjoined from

2  violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15

3  U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or

4  instruments of transportation or communication in interstate commerce or by use

5  of the mails, directly or indirectly:

6          (a)    to employ any device, scheme, or artifice to defraud;

7          (b)    to obtain money or property by means of any untrue statement

8                  of a material fact or any omission of a material fact necessary in

9                  order to make the statements made, in light of the

10                  circumstances under which they were made, not misleading; or

11          (c)    to engage in any transaction, practice, or course of business

12                  which operates or would operate as a fraud or deceit upon the

13                  purchaser.

14                                  **III.**

15      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

16  that Driver and his agents, servants, employees, attorneys, and all persons in active

17  concert or participation with them who receive actual notice of this Final Judgment

18  by personal service or otherwise are permanently restrained and enjoined from

19  violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly,

20  in the absence of any applicable exemption:

21          (a)    Unless a registration statement is in effect as to a security,

22                  making use of any means or instruments of transportation or

23                  communication in interstate commerce or of the mails to sell

24                  such security through the use or medium of any prospectus or

25                  otherwise;

26          (b)    Unless a registration statement is in effect as to a security,

27                  carrying or causing to be carried through the mails or in

28                  interstate commerce, by any means or instruments of

1   transportation, any such security for the purpose of sale or for

2   delivery after sale; or

3       (c)   Making use of any means or instruments of transportation or

4   communication in interstate commerce or of the mails to offer

5   to sell or offer to buy through the use or medium of any

6   prospectus or otherwise any security, unless a registration

7   statement has been filed with the Commission as to such

8   security, or while the registration statement is the subject of a

9   refusal order or stop order or (prior to the effective date of the

10   registration statement) any public proceeding or examination

11   under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## IV.

13       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Driver

14   and his agents, servants, employees, attorneys, and all persons in active concert or

15   participation with any of them who receive actual notice of this Judgment by

16   personal service or otherwise are permanently restrained and enjoined from

17   violating, directly or indirectly, Section 15(a) of the Exchange Act, 15 U.S.C.

18   § 78o(a), by making use of the mails or any means or instrumentality of interstate

19   commerce to effect any transaction in, or to induce or attempt to induce the

20   purchase or sale of, any security, without being registered as a broker or dealer in

21   accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(a).

## VI.

23       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Driver

24   shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil

25   penalty pursuant to Section 20(d) of the Securities Act and 15 U.S.C. § 77t(d),

26   Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall

27   determine the amounts of the disgorgement and civil penalty upon motion of the

28   Commission.  Prejudgment interest shall be calculated from June 30, 2008, based

1   on the rate of interest equal to the weekly average one year constant maturity

2   Treasury yield, as published by the Board of Governors of the Federal Reserve

3   System, in accordance with 28 U.S.C. § 1961.

4                                          **VII.**

5            In connection with the Commission's motion(s) for disgorgement and/or

6   civil penalties and at any hearing held on such motion: (a) Driver will be precluded

7   from arguing that he did not violate the federal securities laws as alleged in the

8   Complaint; (b) Driver may not challenge the validity of the Consent or this

9   Judgment; (c) solely for the purposes of such motion, the allegations of the

10  Complaint shall be accepted as and deemed true by the Court; and (d) the Court

11  may determine the issues raised in the motion on the basis of affidavits,

12  declarations, excerpts of sworn deposition or investigative testimony, and

13  documentary evidence, without regard to the standards for summary judgment

14  contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection

15  with the Commission's motion for disgorgement and/or civil penalties, the parties

16  may take discovery, including discovery from appropriate non-parties.

17                                         **VIII.**

18           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

19  Consent is incorporated herein with the same force and effect as if fully set forth

20  herein, and that Driver shall comply with all of the undertakings and agreements

21  set forth therein.

22                                          **IX.**

23           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

24  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

25  of this Judgment.

26  ///

27  ///

28  ///

4

1

**X.**

2    There being no just reason for delay, pursuant to Rule 54(b) of the Federal

3  Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

4  without further notice.

5

6

7  Dated:  December 14, 2009    _____

**HONORABLE OTIS D. WRIGHT**

8    **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5